UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY ROMANO,

       Plaintiff,

v.                                    Case No. 8:13-cv-2515-T-23AEP

MILOS PAUNIC,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate in the Collier County Jail who proceeds in this matter *pro se*, filed a Complaint (Dkt. No. 1) and what the Court construes as an Amended Complaint[1] (Dkt. No. 2) (collectively, the "Complaints") asserting claims against his former landlord. Currently before the Court is Plaintiff's Affidavit of Indigency[2] (Dkt. No. 3), which the Court construes as a motion for leave to proceed *in forma pauperis*, and Plaintiff's Motion for Appointment of Pro Bono Counsel (Dkt. No. 6). Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor and may request an attorney to represent any person unable to afford counsel.

---

[1] The construed Amended Complaint is entitled "First Amendment Plaintiff's Complaint for Milos Paunic's Failure to Reless [*sic*] Personal Propert [*sic*] and $5,000,00 [*sic*] Cash" and sets forth essentially the same allegations as the initial Complaint while also referring back to the initial Complaint.

[2] Given that Plaintiff is currently incarcerated, he also submitted his certified copy of the trust fund account statement for the 6-month period immediately preceding the filing of the Complaints in accordance with 28 U.S.C. § 1915(a)(2).

28 U.S.C. §1915(a)(1) and (e)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pled, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or "without arguable merit either in law or fact." *Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-29 (1989). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*).

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Here, Plaintiff filed his Complaints essentially alleging Defendant, who was Plaintiff's former landlord, breached a

2

contract for a rental property entered into with Plaintiff and subsequently refused to release Plaintiff's personal property. According to Plaintiff, he rented a house from Defendant around the time he was arrested in September 2011. Upon release in August 2012, Plaintiff purportedly executed a new lease with Defendant and paid Defendant $5,000.00 in cash for the lease. Defendant then informed Plaintiff that Plaintiff's personal property remained in the house and that Plaintiff could move into the house days later. When Plaintiff arrived at the house, he found that the house was rented to other tenants and, later, upon moving out, the other tenants took Plaintiff's personal property, which included furniture and appliances. As a result, Plaintiff seeks from Defendant full payment for all of his personal property that was taken and repayment of the $5,000.00 plus daily interest.

Plaintiff previously sought to assert identical claims, albeit under 42 U.S.C. § 1983, in another civil action filed in this Court. *See* Tony Romano v. Milos Paunic, Case No. 8:13-cv-2075-T-33TGW (M.D. Fla. filed Aug. 12, 2013). Plaintiff's claims were dismissed in that action without leave to amend on the basis that, given the facts alleged, Plaintiff could not state a viable claim under 42 U.S.C. § 1983. In this action, Plaintiff simply seeks to reassert the same claims but under different federal authority. Namely, Plaintiff cites to 28 U.S.C. § 2412, the Equal Access to Justice Act, and 42 U.S.C. § 12101 *et seq.*, the Americans with Disabilities Act, in an effort to establish a federal claim, but neither provides support or authority for Plaintiff's landlord-tenant claims. Accordingly, as pled, these allegations fail to establish a cognizable

3

federal claim.[3]  Furthermore, Plaintiff premises jurisdiction upon 28 U.S.C. §§ 1330 and 1331, yet none of Plaintiff's allegations demonstrate a claim against a foreign state or a federal question that would establish a basis for this Court's jurisdiction.[4]  As this is Plaintiff's second attempt to assert the same claims in federal court, amendment would prove futile, and, therefore, Plaintiff's Complaints should be dismissed.[5]

Given Plaintiff's failure to state a cognizable federal claim and the futility of amending his Complaints, Plaintiff's request to appoint counsel is essentially rendered moot.  Upon review of Plaintiff's request to appoint counsel, however, it appears that Plaintiff raises entirely different, unrelated claims.  In addition to appointment of counsel, in his motion, Plaintiff seeks declaratory and injunctive relief against various non-parties, including a sheriff and various jail personnel, for failing to provide Plaintiff with an appropriate writing mechanism to accommodate his

---

[3] Instead, these claims might be more appropriately brought in a civil action filed in a Florida state court, rather than a federal district court, under Chapter 83 of the Florida Statutes.

[4] Additionally, Plaintiff's allegations preclude jurisdiction under 28 U.S.C. § 1332 because, according to Plaintiff, the parties are not diverse, as they are both citizens of Florida, and the amount in controversy does not exceed the sum or value of $75,000.00.

[5] Plaintiff also sets forth allegations indicating that he seeks to "sue his attorney," yet Plaintiff did not name his former attorney as a defendant in this action.  Plaintiff states that he filed a grievance with the Florida Bar regarding his former counsel's representation of him relating to his landlord-tenant claims and that the investigation by the Florida Bar is ongoing.  He contends that his former attorney refuses to return his original documents and therefore seeks to stay this action until he receives such documents and also seeks to hold his former attorney fully responsible to pay him for the "lost property from Defendant Paunic's case." Plaintiff does not, however, specify whether the "lost property" is the personal property from the house or the purported copies of the original documents that Plaintiff claims his former attorney has in her possession.  Regardless, these allegations similarly fail to establish a cognizable federal claim.

4

disabilities, which thereby prevents him from properly pursuing his legal claims. These claims bear no relation to the allegations asserted in the Complaints and, in actuality, set forth an entirely new set of claims against a number of non-parties. To the extent that Plaintiff seeks to assert any claims against those non-parties, he should be required to file a Complaint in a new, separate action so that the Court can determine whether Plaintiff can maintain any cognizable federal claims arising out of the incidents described. Indeed, where a prisoner files a complaint in a civil action seeking redress from a governmental entity or from an officer or employee of a governmental entity, courts must review the complaint as soon as practicable to identify any cognizable claims or to dismiss the complaint, or any portion thereof, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

Accordingly, and after due consideration, it is hereby

RECOMMENDED:

1. Plaintiff's construed motion for leave to proceed *in forma pauperis* (Dkt. No. 3) be DENIED.

2. Plaintiff's Complaints (Dkt. Nos. 1 & 2) be DISMISSED.

3. Plaintiff's Motion to Appoint Counsel (Dkt. No. 6) be DENIED.

4. To the extent Plaintiff seeks to assert claims against the non-parties mentioned in his Motion to Appoint Counsel or in his Complaints, Plaintiff be directed to file a Complaint in a new, separate action.

5

IT IS SO REPORTED in Tampa, Florida, this 25th day of November, 2013.

ANTHONY E. PORCELLI  
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); M. D. Fla. R. 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:  
Hon. Steven D. Merryday  
Plaintiff, *pro se*